**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALICIA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-15415 |
| | ) | |
| MASHAYO, INC. d/b/a MCDONALD'S, | ) | Judge Lindsay C. Jenkins |
| | ) | Magistrate Judge Maria Valdez |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT PURSUANT TO 12(b)(6)**

NOW COMES Defendant, Mashayo, Inc., d/b/a McDonald's, by and through its attorneys, Kevin M. O'Hagan, Stephen A. Berrios and Nitika Suchdev of O'Hagan Meyer LLC, with the instant Motion to Dismiss ("Motion") and pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] moves this Honorable Court to dismiss Plaintiff's Complaint at Law and in support thereof states as follows:

**INTRODUCTION**

This Motion is simple and should be granted. Plaintiff alleges that Defendant, her employer at the time of the alleged conduct, discriminated and retaliated against her based on her sex and disability, and that she was subject to sexual harassment. Plaintiff filed a Charge of Discrimination with the EEOC, however that investigation is still ongoing and has not concluded and Plaintiff has not exhausted her administrative remedies, a pleading requirement to bring the Title VII harassment and retaliation claims that are the subject of her Complaint. As such, Plaintiff has not exhausted her administrative remedies because she has not received a Right to Sue letter from the

---

[1] Alternatively, Defendant adopts the argument under Rule 12(b)(3).

1

EEOC, a pleading requirement before she can pursue this claim in this Court. Consequently, Plaintiff's Complaint should be dismissed.

## PROCEDURAL POSTURE

On October 30, 2023, Plaintiff brought a six count Complaint alleging: Violation of the Americans with Disabilities Act (Disability-Based Discrimination); Violation of the Americans with Disabilities Act (Failure to Accommodate); Violation of the Americans with Disabilities Act (Retaliation); Violation of Title VII of the Civil Rights Act (Sexual Harassment); Violation of the Civil Rights Act of 1964 (Sex-Based Discrimination); and Violation of the Civil Rights Act of 1964 (Retaliation). (Doc. 1).

The allegations and circumstances composing Plaintiff's Complaint were also part of a Charge of Discrimination filed with the EEOC by Plaintiff against Defendant under case number 440-2023-01598. (*Id*., ¶ 6). The EEOC's investigation is still ongoing, and they have not issued a Right to Sue to Plaintiff. (*Id.*, ¶ 7).

On January 11, 2024, the EEOC communicated with Defendant and informed them that their investigation related to Plaintiff's Charge of Discrimination was still pending and proceeding. (See Exhibit A: EEOC Communication).

## LEGAL STANDARD

"Because failure to exhaust administrative remedies is not a jurisdictional issue…the Court will analyze this motion under Rule 12(b)(6)." *Davis v. Potter*, 301 F. Supp. 2d 850, 855 N.D. Ill. 2004). The Court will view the complaint in the light most favorable to the plaintiff, and will take all the facts pled by the plaintiff as true and construes all inferences in favor of the plaintiff. *Id.* at 856. To overcome a motion to dismiss under Rule 12(b)(6), a complaint's allegations must transcend "speculative," and "conceivable," and must "state a claim to relief that

is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 566-67, 570 (2007). Courts may disregard "legal conclusions" and "conclusory statements" and must scrutinize factual allegations to ensure that they are more than "merely consistent with a defendant's liability." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). A plaintiff cannot survive a Rule 12(b)(6) motion to dismiss by merely formulaically reciting the elements of a cause of action or by providing labels and conclusions. *Twombly*, 550 U.S. at 545.

## ARGUMENT

### I. Plaintiff's Complaint Should Be Dismissed In Its Entirety For Failure to Exhaust Administrative Remedies

Based on the face of Plaintiff's Complaint it is abundantly clear that she did not exhaust her administrative remedies and filed her claim in federal court without obtaining a Right to Sue. (Doc. 1. ¶ 7). As such the lawsuit is premature and should be dismissed.

The exhaustion doctrine allows administrative agencies the opportunity to resolve matters, and can avoid unnecessarily burdening the courts. *Davis*, 301 F. Supp. 2d at 859. "Title VII does not authorize the filing of suit until the plaintiff has exhausted his administrative remedies, 42 U.S.C. § 200e-16(c), which means not until he has received a right-to-sue letter from the EEOC, signifying that the EEOC will not provide him with any relief." *Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir. 2003). A plaintiff, before bringing a Title VII claim, must first exhaust their administrative remedies by filing charges with the EEOC and receiving a right to sue letter. *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019). Once an employee files a complaint and cooperates with the administrative agency until a decision is reached or the requisite period of time has passed without a decision, the employee has sufficiently exhausted his administrative remedies. *Davis*, 301 F. Supp. 2d at 859.

Here, this Complaint must be dismissed because the Complaint does not demonstrate that Plaintiff has exhausted her administrative remedies. Particularly, no where in Plaintiff's Complaint does she allege that she ever received a right to sue letter from the EEOC. In fact, Plaintiff admits in her Complaint that she did not receive a right to sue letter:

> "Plaintiff timely requested a Notice of Right to Sue from the EEOC, and renewed this request several times over the course of eleven months. The EEOC has now exceeded its 180 day time frame to issue the Notice of Right to Sue, and as such, Plaintiff is entitled by law to file this lawsuit before receipt of the EEOC's Notice of Right to Sue." *See* Doc. 1, ¶ 7.

However, Plaintiff's reasoning in filing this suit at bar in this Court prior to receiving a Notice of Right to Sue from the EEOC is fatally flawed and is in direct contravention of the law. As stated above, a plaintiff must first exhaust their administrative remedies by filing charges with the EEOC **and receiving a right to sue letter**. *Chaidez*, 937 F.3d at 1004 (emphasis added); *see also Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005) ("A plaintiff must file a charge with the EEOC detailing the alleged discriminatory conduct within the time allowed by statute, and the EEOC must issue a right-to-sue-letter.") (emphasis added). The law does not automatically entitle a plaintiff to sue in court once the 180-day time frame has passed – it is the requirement of the EEOC to issue the right to sue letter within that time frame. Thus, it is clear that the EEOC must issue a plaintiff a right to sue letter prior to them proceeding in court, and here, it is clear that it has not issued a right to sue.

Until the EEOC issues its right to sue letter, this Court should not be unnecessarily burdened by a matter that could be resolved at the administrative agency level. The doctrine of administrative exhaustion supports the same, and thus, this matter should be dismissed.

4

## **CONCLUSION**

WHEREFORE, the Defendant prays that this Honorable Court grant the instant Motion to Dismiss and dismiss Plaintiff's Compliant because she has failed to exhaust her administrative remedies, and has not obtained a Right to Sue, and for all other relief deemed just and equitable.

Date: January 26, 2024

                                              Respectfully submitted:
                                              Mashayo, Inc., d/b/a McDonald's

                                           By: /s/ *Nitika Suchdev*
                                                  One of its attorneys

Kevin M. O'Hagan
Stephen A. Berrios
Nitika Suchdev
O'Hagan Meyer, LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
Facsimile: 312.422.6110
kohagan@ohaganmeyer.com
sberrios@ohaganmeyer.com
nsuchdev@ohaganmeyer.com

5